The State, ex rel. Board of Edn., Southeastern Local School District, Ross County, *v.* Allen, Clerk, Board of Edn., Southeastern Local School District, Ross County.

(No. 441—Decided July 5, 1955.)

*Mr. Robert L. Perdue,* prosecuting attorney, *Mr. Frank H. Shaffer, Jr., Mr. Judson J. Allgood* and *Messrs. Peck, Shaffer & Williams,* for relator.

*Mr. William W. Stanhope,* for respondent.

Collier, J.  This is an action in mandamus filed in this court, in which the relator, the Board of Education, Southeastern Local School District, Ross County, Ohio, is seeking to

have its clerk sign a $500,000 note authorized by the board of education in anticipation of a like amount of bonds voted by the electors of the school district.

The petition sets forth the various preliminary steps prescribed by statute, which were performed by the board of education and other officials, to perfect the putting of the question to the electorate of the school district. The petition further avers that the only defect in the proceedings is the statement of an incorrect figure for the average annual tax levy to pay the principal and interest on the bonds in the county auditor's certificate to the board of education as required by Section 133.09, Revised Code. The figures, 3.5 mills per dollar of valuation and $.35 per hundred dollars of valuation, were contained in the county auditor's certificate to the board, whereas the proper amount, as determined by the auditor a few days before the election, should have been 4.2 mills per dollar of valuation, or $.42 per hundred dollars of valuation. The incorrect amounts were carried in the text of the notice of election published by the board of education as required by Section 133.11, Revised Code, and on the face of the ballot as required by Section 133.13, Revised Code.

The respondent clerk's answer admits all the allegations of the petition relating to the statutory requisites, but claims that his refusal to sign the note is not wrongful because of the defect in the county auditor's certificate of the average annual tax levy. Relator board has demurred to this answer, and the issue is before this court on that demurrer.

The single question for determination is: Does this mistake of .7 mill in the county auditor's certificate to the board of education, stating the average annual tax levy, which incorrect figure was carried in the notice of election and on the face of the ballot, render the bonds invalid?

Counsel have not cited any authority directly in point and we have been unable to find any decision in which this identical question has been determined. However, there are many reported cases in Ohio dealing with irregularities and omissions in similar proceedings. The earlier decisions held that the provisions of the Uniform Bond Law, Chapter 133, Revised Code, should be strictly construed. The more recent decisions

hold that a substantial compliance with the statutory requirements is all that is necessary. In the case of *State, ex rel. Board of Education of Sprinfield Local School Dist., Summit County,* v. *Maxwell,* 144 Ohio St., 565, 60 N. E. (2d), 183, Judge Zimmerman states the rule as follows:

"It has been generally held that defects, variances and irregularities in the several steps relating to the issuance of bonds should be material, harmful or both before the proceeding may be successfully attacked. * * * It has also been held that unsubstantial irregularities in the resolution of a political subdivision inaugurating an election on a bond issue which do not prejudice anyone will be disregarded, especially where the proposed bond issue as submitted was approved by considerably more than the requisite number of electors."

The bond issue in the instant case carried by a majority of 75.8 per cent of the electors. Under the rule above quoted the test is whether the voters were misled by the mistake in the auditor's figures. To determine this question it is proper to consider the degree of the error, the nature of the calculation and the closeness of the vote. When we consider the length of the duration of the bonds and the fact that the amount of the tax list varies from year to year, the calculation of an additional tax levy could be only an estimate. This estimate could not be exact, owing to the further facts that interest requirements, where bonds are issued in a series, are based on a constantly decreasing principal; that the bonds may not be of exactly equal installments; that the decreasing scale may not decrease uniformly; and that the tax duplicate throughout the life of the issue is certain to change. These and other conditions would necessarily make the calculation of the county auditor merely an estimate. It is probable that the actual amount required to retire the bonds may vary from year to year to a greater degree than the error discovered in the auditor's calculation. A statute requiring a statement of costs in ballots used in an election with reference to a public improvement is to be given a practical construction. 43 American Jurisprudence, 344, Section 89.

A vital consideration in the determination as to whether an election should be declared invalid is the reluctance to reach

a decision which would result in the disfranchisement of the voters. In the instant case more than three-fourths of the voters were in favor of the bond issue.

In all the cases we have examined, where the courts of Ohio have held elections invalid, there was a complete omission of some vital and jurisdictional condition to be performed. In the instant case there was no departure from the regular procedure prescribed by statute and all the proceedings were in conformity with the statutes. The answer contains no averment that enough voters were misled to change the result of the election, and it has been held in the case of *Anselmi* v. *City of Rock Springs,* 53 Wyo., 223, 80 P. (2d), 419, 116 A. L. R., 1250, as stated in the A. L. R. headnotes, that:

"The burden is on one claiming that the affirmative result of a bond issue election was affected by a misleading statement in the notice of election amounting to no more than an irregularity, to establish that the result of the election was affected by such statement."

See, also, 116 A. L. R., 1250.

For the reasons above set forth, our conclusion is that the provisions of the statutes have been substantially complied with and that the slight clerical defect in the notice of election and on the ballot is not sufficient to invalidate the bonds. Therefore, the court finds, on the question of the invalidity of the bond proceeding, in favor of the relator. The demurrer to the answer is sustained, and, respondent not desiring to plead further, the writ is allowed.

*Writ allowed.*

McCurdy, P. J., and Gillen, J., concur.